# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

JAMES L. MARTIN             )
                                       )
           Plaintiff,         )        C.A. No. N13C-01-020 RRC
v.                                 )
                                       )
NATIONAL GENERAL       )
ASSURANCE COMPANY     )
                                       )
           Defendant.       )

Submitted: September 2, 2014
Decided:  November 3, 2014

Upon Defendant National General Assurance Company's Motion for Costs.
**GRANTED IN PART.  DENIED IN PART.**

## <u>ORDER</u>

James L. Martin, *pro se*, Wilmington, Delaware.

David C. Malatesta, Jr., Esquire, Wilmington, Delaware, Attorney for Defendant.

COOCH, R.J.

This 3rd day of November, 2014 it appears to the Court that:

1. Defendant National General Assurance Company seeks reimbursement for costs incurred during the course of the presentation of its Motion for Summary Judgment in the Superior Court and for costs incurred during appeal to the Supreme Court of Delaware.[1]  This Court entered an order on September 27, 2013 denying Plaintiff's Motion for Partial Summary

---

[1] For facts and procedural history not relevant to the instant motion, see *Martin v. Nat'l Gen. Assur. Co.*, 2014 WL 3408674 (Del. Jul. 9, 2014).

Judgment and granting Summary Judgment to Defendant. Plaintiff appealed the order and the Supreme Court of Delaware affirmed this Court, finding no merit in Plaintiff's arguments on appeal.[2]

2. Defendant now seeks reimbursement for the following costs: $50.00 for court costs, $690.33 for the deposition transcript of Trooper Cocking, which was attached as an exhibit to Defendant's Motion for Summary Judgment, which was granted by this Court, and $142.15 for costs to obtain copies of Plaintiff's medical records.[3] Plaintiff disputes Defendant's contention that Plaintiff should be responsible for costs.

3. Pursuant to Superior Court Civil Rule 54(d) and 10 *Del. C.* § 5101, the prevailing party in a civil action may recover costs against the adverse party.[4] This Court finds that Defendant, as the prevailing party, is entitled to a total of $192.15, representing the court costs and the costs incurred in obtaining Plaintiff's medical records. This Court further finds that Defendant is not entitled to the $690.33 requested for the deposition transcript costs, as they were not introduced into evidence at trial.[5]

Therefore, Defendant's Motion is **GRANTED IN PART.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc: Prothonotary

---

[2] *See Martin v. Nat'l Gen. Assur. Co.*, 2014 WL 3408674 (Del. Jul. 9, 2014).

[3] Defendant's Motion was originally filed in 2013 when court costs amounted to $43.50. Plaintiff appealed the grant of summary judgment to Defendant and the Motion for Costs was stayed pending the appeal. Defendant's reply includes the original amount of $43.50 plus $6.50 in statutory filing fees incurred during the course of the appeal.

[4] *See* 10 *Del. C.* §5101 ("Generally a party for whom final judgment in any civil action, or on a writ of error upon a judgment is given in such action, shall recover, against the adverse party, costs of suit, to be awarded by the court."); Super. Ct. Civ. R. 54(d) (awarding costs to prevailing party as a matter of course).

[5] *See* Super. Ct. Civ. R. 54(f); *See also DIGA v. Troise*, 1992 WL 240352 (Del. Super. Sept. 14, 1992) (finding depositions, when used for purpose of pretrial motions, are not "introduced into evidence" under Rule 54(f)).